UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NAN I. WILDER,

    Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:11-cv-00308-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Nan Wilder seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be AFFIRMED.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or

OPINION AND ORDER- 1

mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either

OPINION AND ORDER- 2

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was born on December 10, 1954. Plaintiff protectively filed her applications for DIB and SSI on January 25, 2006. In her applications, she alleged that she has been disabled since January 1, 1997, based on a number of physical and mental impairments, including: degenerative disc disease, depression, attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD). She was last insured for purposes of benefits eligibility on December 31, 2003. Her applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted hearings on May 26, 2009 and August 7, 2009. The ALJ heard testimony from plaintiff, who was represented by counsel; plaintiff's counselor, Gina Patriarca, M.S.; and two independent vocational experts (VEs), Paul Morrison and Kay Wise. Following the second hearing, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from lumbar degenerative disc disease, ADHD, depression, and anxiety. Tr. 14, Finding 3.[1] However, the ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15, Finding 4. Accordingly, the ALJ needed to determine plaintiff's RFC.

After consulting the record, the ALJ concluded that plaintiff retained the RFC to perform light work, but found that she is limited to performing simple, routine, and repetitive work. Tr.

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

16-17, Finding 5. Based on plaintiff's RFC and testimony from the VEs, the ALJ determined that plaintiff was unable to perform her past relevant work as an office clerk, general office clerk, proof reader, telephone market researcher, and waitress. Tr. 22, Finding 6. The ALJ found, however, that plaintiff could perform other work existing in significant numbers in the national economy. Tr. 22, Finding 10. Therefore, the ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on two alleged errors in the ALJ's decision: (1) the ALJ improperly rejected the testimony of Gina Patriarca, M.S.; and (2) the ALJ propounded an incomplete hypothetical to the VEs. For the following reasons, the court rejects plaintiff's claimed errors.

### 1.   Lay witness testimony of Gina Patriarca, M.S.

In her first assignment of error, plaintiff contends that the ALJ failed to provide a sufficient reason for rejecting the opinion of plaintiff's counselor. Because Patriarca is not a licensed or certified psychologist, she is not considered to be an "acceptable medical source" under the regulations. *See* 20 C.F.R. §§ 404.1513(a); 416.913(a). Nevertheless, the ALJ considered her opinions as an "other source" to determine the severity of plaintiff's impairments and how they affect plaintiff's ability to work. Tr. 19 (citing 20 C.F.R. §§ 404.1513(d); 416.913(d)). Opinions from other sources should be evaluated based on the nature and extent of

OPINION AND ORDER- 4

the source's relationship with the claimant, the source's expertise in relation to the claimant's impairments, whether the opinion is consistent with other evidence, whether the opinion is supported by the relevant evidence, how well the source explains the opinion, and any other factors. Social Security Ruling (SSR) 06-03p at *4-5. As an other source opinion, the ALJ was permitted to disregard Patriarca's opinion if she gave reasons germane to the witness for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-34 (9th Cir. 2010).

Contrary to plaintiff's argument, the ALJ gave several reasons for rejecting Patriarca's opinion. To the extent that defendant offers allegedly germane reasons for rejecting her opinion that were not cited by the ALJ, the court will not discuss those post-hoc rationalizations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The ALJ discussed Patriarca's testimony and written opinions at length, and ultimately concluded that they could not be afforded significant weight. Tr. 19-20. The ALJ remarked that Patriarca's opinion "relied quite heavily" on plaintiff's subjective reporting of her symptoms and limitations, which the ALJ discredited for numerous reasons. Tr. 20. The ALJ also explained that she gave less weight to Patriarca's opinion because it "departs substantially from the rest of the evidence of record," and because Patriarca "stepped out of her role as an objective treating medical source and has inadvertently assumed the role of advocate." *Id.*

Patriarca had been seeing plaintiff for at least three years. Tr. 73, 80. She testified that plaintiff suffers from major depressive disorder and complex PTSD. Tr. 74-75. She stated that plaintiff has difficulties with relationships, and would likely be unable to have a relationship with her supervisor or co-workers. Tr. 76-77. Patriarca believes that plaintiff would be unable to perform simple work due to her hypersensitivity and hyper-vigilant nature in interactions with

OPINION AND ORDER- 5

people. Tr. 76-79. She explained, however, that plaintiff refuses to take antidepressants and is resistant to behavioral therapy, so she has not made much progress. Tr. 79-85. In her "MH Clinical Justification & Formulation" report in June 2008, Patriarca noted that plaintiff is "re-traumatized on a daily basis," has to "fight for her basic needs," is ostracized by others, and has difficulty falling asleep, emotional issues, and difficulty concentrating. Tr. 593, 847.

Plaintiff contends that the majority of Patriarca's opinion is "clearly derived from her observations of plaintiff's behavior." Pl.'s Br. at 5. While aspects of Patriarca's notes reflect her observations of plaintiff, the ALJ did not err in finding that her opinion as to plaintiff's symptoms and limitations relied heavily on plaintiff's subjective statements.

Patriarca's clinical notes report plaintiff's subjective complaints about her physical symptoms and interactions with people. *See, e.g.*, Tr. 529, 542, 547, 567-72, 586, 786-87, 832, 838. Plaintiff even submitted an addendum to her counselor's notes detailing her symptoms. Tr. 574-76.

Patriarca occasionally reported her conversations with third parties about plaintiff's behavior, *see, e.g.*, Tr. 533 (noting that plaintiff was difficult to work with, continuously complained about her situation, and appeared ungrateful), or her own observations of plaintiff's condition, *see, e.g.*, Tr. 529 ("tearful, labile, angry, upset"); 547 ("spoke so fast . . . [c]ontinuous interruption, . . . demanding, insulting"). These notes, however, do not include Patriarca's observations of plaintiff's physical symptoms or plaintiff's interactions with others that could interfere with her ability to perform simple work. Even when Patriarca accompanied plaintiff to her dentist appointments, plaintiff often did not need any assistance, and Patriarca was not able to observe plaintiff's behavior. *See, e.g.*, Tr. 549, 554, 556, 557. In fact, Patriarca's notes generally

OPINION AND ORDER- 6

describe plaintiff as emotional, but also with above-average intelligence, normal memory, and fair concentration. Tr. 78, 570, 584.

This court therefore agrees with the ALJ's finding that Patriarca's opinion was based on plaintiff's self-reporting. Because the ALJ gave clear and convincing reasons for rejecting plaintiff's subjective complaints—which plaintiff does not challenge on appeal to this court—the ALJ's reason for rejecting Patriarca's testimony due to its reliance on plaintiff's subjective complaints was proper. Tr. 18-19 (explaining that plaintiff was not credible because she failed to follow her medical regimen, often missed appointments, her treatment has been conservative, her activities conflict with her subjective complaints, she exaggerated her symptoms and suggested ailments, she testified in an evasive and less than candid manner, etc.); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (2009); *see also Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (holding that an ALJ's failure to discuss lay witnesses' testimony was harmless where the witnesses did not describe limitations beyond those described by the claimant, and the claimant's testimony had been properly rejected).

The ALJ's final reasons for rejecting Patriarca's opinion must be addressed in tandem. The ALJ explained that:

> [Patriarca] appears to have stepped out of her role as an objective treating medical source and has inadvertently assumed the role of advocate. The possibility always exists that a treating medical source may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary treater/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

Tr. 20.

OPINION AND ORDER- 7

Although plaintiff contends that the ALJ rejected Patriarca's testimony solely based on her alleged role as an advocate, the ALJ's full explanation makes clear that she relied on Patriarca's advocacy for a position that was not supported by the rest of the evidence. To the extent that the ALJ may have improperly included a discussion of the general risks of unreliability when a treating medical source sympathizes with a patient, the court finds this error to be harmless because the ALJ ultimately gave other germane reasons for rejecting Patriarca's testimony that were supported by substantial evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination" and does not negate the validity of the ALJ's ultimate conclusion).

After reviewing the record, this court finds that substantial evidence supports the ALJ's finding that Patriarca's opinion departed from the other medical evidence. *See, e.g.*, 296-97, 391-92, 404-16. Under these circumstances, the ALJ was permitted to reject Patriarca's lay opinion because she was acting as an advocate rather than an objective treating provider. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (noting that the ALJ may consider a medical provider's advocacy position where the provider helped the claimant apply for benefits); *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (noting that the ALJ gave specific and legitimate reasons for disregarding his treating physician's opinion where it was based primarily on the claimant's statements, resulted from only one examination with minimally abnormal findings, and the physician had "become an advocate" for the claimant). Accordingly, the ALJ did not err in rejecting Patriarca's opinion.

2.      Incomplete hypothetical

Plaintiff next assigns error to the ALJ's hypothetical that was propounded to the VE, Kay Wise. During the first hearing, the ALJ asked the VE to assume plaintiff could perform light work, with superficial contact with others, and only simple repetitive tasks. Tr. 90-91. Based on that information, the VE testified that plaintiff could perform work as an office helper and mail sorter. Tr. 92-93. Plaintiff contends that the ALJ should have included the limitation of moderate impairment in concentration, persistence, and pace that the ALJ found at step two of her analysis.

To meet its burden at step five of the sequential analysis, the Commissioner may rely on the testimony of a VE. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citation omitted). The ALJ, therefore, must pose a hypothetical question to a VE that includes all of the claimant's functional limitations, both physical and mental, that are supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If the hypothetical fails to take into account all of the claimant's limitations, it is defective and cannot provide substantial evidence for the ALJ's ultimate disability determination. *Valentine*, 574 F.3d at 690.

During her step two analysis, the ALJ concluded that plaintiff had moderate difficulties with concentration, persistence, and pace. Tr. 16. The ALJ, however, did not include these limitations in plaintiff's RFC and the hypothetical presented to the VE. Plaintiff believes that this was a reversible error.

The Ninth Circuit has explained that "[t]he step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at

OPINION AND ORDER- 9

step five." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). The step two determination serves as a threshold, and merely raises a prima facie case of disability. *Id.* Additionally, the limitations identified by the ALJ at step two in the "paragraph B" criteria are not an RFC assessment "but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Tr. 16 (citing SSR 96-8p). Here, the ALJ explained that she need not include the limitations cited in the paragraph B criteria in plaintiff's RFC because an RFC assessment "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B . . . ." *Id.*

Moreover, neither the ALJ nor plaintiff pointed to any medical evidence supporting plaintiff's alleged impairments in concentration, persistence, and pace. This is not a case where the ALJ failed to include a limitation identified by the claimant's physician. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th Cir. 2009) (reversing an ALJ's opinion where the hypothetical limited the claimant to "simple, repetitive work," but should have also included the physician's opinion that the claimant had moderate limitations in concentration, persistence, or pace). Instead, the medical evidence indicates that plaintiff had no impairment or only mild limitations in concentration, persistence, and pace. Tr. 392, 414, 416, 458, 467. The only evidence of a possible impairment in this area arose from two global assessment of functioning scores of 45 and 55, but the ALJ explained that the lower score was inconsistent with the rest of the physician's opinion. Tr. 20-21; 793-96. Here, the ALJ's RFC determination that plaintiff is able to perform simple, routine, and repetitive work is supported by substantial evidence in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an RFC of "simple, routine, repetitive work" adequately captured restrictions as to concentration,

OPINION AND ORDER- 10

persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony).

## CONCLUSION

For the reasons provided, this court concludes that the Commissioner's findings were based upon the correct legal standards and were supported by substantial evidence existing in the record. The decision of the Commissioner denying Nan Wilder's applications for disability benefits must be AFFIRMED.

IT IS SO ORDERED.

DATED this 17 day of May, 2012.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 11